**Esilda SILVA et al., Plaintiffs,**

v.

**Thomas H. SPIRITO, Commissioner of the Department of Public Welfare, Defendant and Third-Party Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Department of HHS, Third-Party Defendant.**

Civ. A. No. 82–2498–G.

United States District Court, D. Massachusetts.

June 16, 1983.

Charles K. Mone, Asst. U.S. Atty., Boston, Mass., Marta W. Berkley, Dept. of Justice, Civ. Div., Washington, D.C., for the U.S.

H. Reed Witherby, Asst. Atty. Gen., Government Bureau, Boston, Mass., for defendant and third-party plaintiff.

Bernard Saklad, Fall River, Mass., for Esilda Silva.

GARRITY, District Judge.

This case is before the court on the third party defendant's motion to dismiss. The parties presented oral arguments and filed several memoranda of law, some in response to the Court's procedural order of March 10, 1983.

Plaintiffs are recipients of welfare benefits pursuant to the Aid to Families with Dependent Children (AFDC) program in Massachusetts. Plaintiffs originally brought a petition for review against the Commissioner of the Department of Public Welfare in the Superior Court of the Commonwealth, alleging that the policy of attributing the income of step-parents in determining a recipient's financial need violates the constitutions of Massachusetts and the United States. The defendant Commissioner then filed a third-party complaint in the Superior Court against the Secretary of Health and Human Services (HHS), alleging that the Commonwealth's policy of considering step-parent income is compelled by HHS regulations, and that if the Commonwealth's regulations violate the federal Constitution, then so do those of HHS. The Secretary of HHS then petitioned for removal to federal district court pursuant to 28 U.S.C. § 1442. Having removed the case to federal court, the Secretary has filed a motion to dismiss based on the argument that this court's jurisdiction is barred by sovereign immunity. She argues three points: first, that upon removal, this court has no jurisdiction if the state court was without jurisdiction; second, that this is an action for damages, hence barred; and third, that a state court has no jurisdiction to determine the liability of a federal officer absent a congressional waiver of sovereign immunity. The court will consider each argument in turn.

It is a well established principle of federal jurisdiction upon removal from state courts "that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny,* 1981, 451 U.S. 232, 242 n. 17, 101 S.Ct. 1657, 1664 n. 17, 68 L.Ed.2d 58. In determining the jurisdiction of this court over the third-party defendant in this case, therefore, it must be determined whether the state court had jurisdiction.

Although a suit against the United States may be maintained only with congressional consent, *see, e.g., United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976), a suit against a federal employee in which the challenged

action is alleged to be beyond the statutory or constitutional authority delegated by the sovereign is not barred as a suit against the sovereign. *Larson v. Domestic & Foreign Corp.,* 1949, 337 U.S. 682, 689–90, 69 S.Ct. 1457, 1461–62, 93 L.Ed. 1628. Under these circumstances, "[t]he officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden." *Id.,* at p. 689, 69 S.Ct. at p. 1461. Nevertheless, even an action naming a particular official as defendant, and claiming that the official violated plaintiff's rights by acting beyond constitutional limits, may be barred as one against the sovereign if it seeks money damages from the governmental treasury. *See, e.g., Larson,* 1949, 337 U.S. 682, 691 n. 11, 69 S.Ct. 1457, 1462 n. 11, 93 L.Ed. 1628; *Edelman v. Jordan,* 1974, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 ("a suit which seeks the award of an accrued monetary liability . . . absent consent or waiver" violates a state's sovereign immunity under the Eleventh Amendment).

█ In this case, the Secretary argues that the third-party plaintiff is seeking a judgment for money damages from the federal treasury, and that the action is barred because there has been no congressional consent to suit in a state court. These arguments are not persuasive. The third-party plaintiff does not seek payment from the federal treasury pursuant to a past liability. Rather, the third-party plaintiff seeks a declaration that a federal regulation is unconstitutional and an injunction against its future enforcement. Although it is entirely possible that an injunction against the enforcement of a regulation imposing preconditions on the expenditure of governmental funds might have some ancillary effect on the governmental treasury, such fiscal consequences are "the necessary result of compliance with decrees which by their terms [are] prospective in nature . . . . Such an ancillary effect on the state treasury is a permissible and often

an inevitable consequence of the principle announced in *Ex Parte Young* [209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714]." *Edelman v. Jordan, supra* at 667–8, 94 S.Ct. at 1357–58.[1]

Furthermore, a declaration that the stepparent contribution regulation is unconstitutional and an injunction against its enforcement, contrary to the Secretary's argument, are not tantamount to an order that the Secretary must make certain prospective payments to the Commonwealth of Massachusetts. The Secretary would have any number of alternative options, and the court cannot say that the effect of the relief sought in the third-party action, if it were granted, would "require affirmative action by the sovereign or the disposition of unquestionably sovereign property." *Larson, supra,* 337 U.S. at 691, n. 11, 69 S.Ct. at 1462, n. 11. Such relief would simply require the cessation of an unconstitutional policy by a governmental official. *Id. See also DeLao v. Califano,* 9 Cir.1977, 560 F.2d 1384, where the court, holding retroactive payments barred by sovereign immunity, emphasized that in cases against a government official alleged to have acted "ultra vires or unconstitutionally, it is nevertheless possible that the doctrine of sovereign immunity will bar certain types of *relief* against the Government," depending on whether "the relief sought would work an intolerable burden on the government which outweighs any considerations of private harm." *Id.,* at p. 1391 (emphasis in original); *Clark v. United States,* 7 Cir. 1982, 691 F.2d 837, 840 (declaration that 5 U.S.C. § 8340 is unconstitutional "does not impose an intolerable burden on governmental functions").

The court holds that the third-party action is not barred as one against the sovereign because of the nature of the relief sought.

█ The third-party defendant further argues that a state court, unlike a federal court, lacks jurisdiction over an action seek-

---

1. The principles of sovereign immunity apply whether a state or the federal government is the sovereign entity at issue.

ing to enjoin a federal official, even if that official's action is challenged as unconstitutional, absent an express waiver by the federal government. In support of its position, the third-party defendant relies on *Minnesota v. United States,* 1939, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235. That case is inapposite. The Supreme Court, in *Minnesota,* upheld an order dismissing a case removed to federal court from a Minnesota state court. The Court held that the United States, as a named and indispensible party in the case, had to waive its sovereign immunity to be sued in state court, that it had not waived its immunity, and that therefore the action was barred. 305 U.S. at 386–391, 59 S.Ct. at 294–96. *Minnesota* is distinguishable from the third-party action because the United States is not a named party in this case. Although the sovereign must always consent to suit, its functionaries are amenable to suit if they are alleged to have acted unconstitutionally. *Minnesota*'s waiver doctrine regarding the amenability of the government, *per se,* to suit applies equally to state and federal courts; it does not stand for the proposition that there must be an explicit waiver of sovereign immunity before a government official may be sued in state court.

Indeed, it has recently been explicitly held, under circumstances similar to those presented by the third-party claim in the instant case, that the *Larson* exception to the doctrine of sovereign immunity applies in state courts as well as federal courts. "[A] state court may entertain an action against an officer of the federal government … if the United States has waived its immunity by consenting to suit or if the officer has exceeded his statutory or constitutional authority." *Aminoil U.S.A., Inc. v. Cal. State, Etc.,* 9 Cir.1982, 674 F.2d 1227, 1233 (considering jurisdiction of federal court upon removal from the state court pursuant to 28 U.S.C. § 1442).[2]

The third-party defendant's motion to dismiss is denied.[3]

**2.** *Maher v. Burnside Convalescent Home, Inc. et al.,* 2 Cir.1981, 679 F.2d 873 (opinion published in CCH Medicare and Medicaid Guide, ¶ 31,651), on which the Secretary relies, is not contrary. In *Burnside,* the State Commissioner had brought an action for declaratory judgment in state court seeking interpretation of a statute providing for the arbitration of disputes between the state and health care institutions regarding medical reimbursement rates. "The Commissioner joined the Secretary [of HHS] as a party defendant along with the nursing homes seeking arbitration, in the hope of binding the Secretary to a judicial interpretation of the Connecticut arbitration statute in light of applicable federal statutes and regulations." The Secretary then removed the action to federal district court and moved for dismissal on the grounds that the state court lacked jurisdiction. In upholding the district court's dismissal of the action against the Secretary, the Court of Appeals for the Second Circuit noted that the Connecticut court lacked jurisdiction over the Secretary because sovereign immunity had not been waived. That principle, however, would have applied equally to the jurisdiction of the federal court had the action originally been brought there. The crucial aspect of *Burnside* which distinguishes it from the third-party action in this case was the absence of any claim that the Secretary's regulations transgressed statutory or constitutional bounds. The issue in *Burnside* was whether a state statute was "in conformity with federal statute and regulations;" sovereign immunity had to be waived. In the instant third-party action the issue is whether a federal regulation is in conformity with the Constitution; the sovereign's authority is not at issue, and therefore need not be waived. *Larson, supra,* 337 U.S. at pp. 689–90, 69 S.Ct. at 1461.

**3.** The Secretary has belatedly argued that the third-party complaint should be dismissed for failure to exhaust the administrative remedy accorded to a state by 42 U.S.C. § 1316(d). This statute, providing that a state is entitled to a reconsideration of a determination by the Secretary that a state expenditure does not qualify for federal financial participation, is inapplicable under the circumstances of this case, where the Secretary has made no such determination. The Secretary has not argued, and the court does not find, that 42 U.S.C. § 1316(d) was intended to provide the exclusive means by which a state could challenge the constitutionality of a federal regulation.